11-3305-ag
Zheng v. Holder

BIA
Weisel, IJ
A073 186 973

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of May, two thousand twelve.

PRESENT:
        BARRINGTON D. PARKER,
        PETER W. HALL,
        DENNY CHIN,
            *Circuit Judges.*
_____

YI XI ZHENG,
        *Petitioner,*

        v.                                      11-3305-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:         Feng Li, Moslemi and Associates,
                        Inc., New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Carl H. McIntyre, Jr.,
                        Assistant Director; Enitan O.
                        Otunla, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yi Xi Zheng, a native and citizen of the People's Republic of China, seeks review of a July 29, 2011, decision of the BIA affirming the June 16, 2009, decision of Immigration Judge ("IJ") Robert D. Weisel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Xi Zheng*, No. A073 186 973 (B.I.A. July 29, 2011), *aff'g* No. A073 186 973 (Immig. Ct. N.Y. City June 16, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. See 8 U.S.C. § 1252(b)(4)(B); *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

Substantial evidence supports the agency's conclusion that Zheng was not eligible for asylum solely on the basis of his wife's forced sterilization. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-310 (2d Cir. 2007). Nevertheless, even though Zheng was not *per se* eligible for asylum based on his wife's forced sterilization, he could still qualify for relief by demonstrating that: (1) he engaged in "other resistance" to the family planning policy; and (2) he suffered harm rising to the level of persecution or has a well-founded fear of suffering such harm as a direct result of his resistance. *See id.* at 313; *see also* 8 U.S.C. § 1101(a)(42); *Matter of J-S-*, 24 I. & N. Dec. 520, 523 (A.G. 2008).

The agency assumed that Zheng had engaged in resistance to China's family planning policy, and reasonably determined that he did not establish that he suffered harm rising to the level of persecution on account of that resistance, because he did not allege that he personally suffered any emotional, physical, or economic harm arising from the unfortunate incidents involving family planning officials. *See Shi Liang Lin*, 494 F.3d at 309 (holding that "an individual whose spouse undergoes . . . a forced abortion or

involuntary sterilization may suffer a profound emotional loss," but that "an individual does not *automatically* qualify for 'refugee' status on account of a coercive procedure performed on someone else") (emphasis added); *see also Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (emphasizing that "persecution is an extreme concept that does not include every sort of treatment our society regards as offensive") (internal quotation marks and citations omitted).  Additionally, the agency did not err in concluding that Zheng failed to demonstrate that his fear of future persecution was objectively reasonable because he admitted that he had lived unharmed in China for more than six years and that his wife had lived unharmed in China for twenty-two years after his confrontation with family planning officials, his wife's forced sterilization, and their refusal to pay a family planning fine.  *See* 8 C.F.R. § 1208.13(b)(2); *see also Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (holding that when asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was weakened).  Accordingly, because the agency reasonably found that Zheng failed to demonstrate either past persecution or a well-founded fear of persecution, it did not err in

denying asylum, withholding of removal, and CAT relief as those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

5